IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| BRIAN NEZZER, *et al.*, | : | Case No. 1:22-cv-549 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| BELCAN LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING THE PARTIES' JOINT MOTION TO APPROVE SETTLEMENT

This matter is before the Court on the parties' Joint Motion for FLSA Settlement Approval Pursuant to 29 U.S.C. § 216(b) (Doc. 36). Plaintiff Brian Nezzer initiated this action on July 25, 2022, alleging, among other things, violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (*See* Doc. 18.) On November 22, 2022, the parties filed a Joint Motion for FLSA Settlement Approval Pursuant to 29 U.S.C. § 216(b) (Doc. 36). For the following reasons, the Motion is **DENIED WITHOUT PREJUDICE.**

"An employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016). Before a court may approve a settlement in a case filed under the FLSA, it must scrutinize the settlement to determine that (1) the agreement was reached through an arms-length negotiation and (2) the agreement is fair, reasonable, and adequate. *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, 2012 WL 1945144, at *5 (S.D. Ohio May 30,

2012) (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381-82 (S.D. Ohio 2006)). This evaluation requires the Court to consider a number of factors, including the reasonableness of proposed attorneys' fees in relation to the number of hours expended on the case and a description of the work performed. *See Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994).

Here, the parties fail to supply evidence to support the reasonableness of the attorney's fees. The parties argue that the attorney's fees are reasonable because the amount is "consistent with the retainer agreement and contingency fee agreement between Plaintiff and his counsel." (Motion to Approve Settlement, Doc. 36, Pg. ID 17.) However, the parties fail to supply said agreements or otherwise demonstrate what the billing rate and hours billed are in this case. *See Rater v. Rix Energy Servs., LLC*, No. 2:16-cv-705, 2017 U.S. Dist. LEXIS 221328, at *5 (S.D. Ohio Nov. 28, 2017) (considering hours billed and rates charged by counsel to determine reasonableness of attorney's fees in FLSA settlement). Without such information, the Court cannot adequately determine the reasonableness of the attorney's fees and, in turn, cannot approve the settlement agreement.

For the foregoing reasons, the parties' Joint Motion for FLSA Settlement Approval Pursuant to 29 U.S.C. § 216(b) (Doc. 36) is **DENIED WITHOUT PREJUDICE**. The parties are **DIRECTED** to file a new motion for approval of settlement in accordance with this opinion or to file a notice that the parties have withdrawn from the proposed settlement. This case is to remain open.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND