## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **BRIAN NEZZER, et al.**, | : | |
| | : | |
| **Plaintiff**, | : | **Case No. 1:22-cv-00549** |
| | : | |
| **v.** | : | **Judge Matthew W. McFarland** |
| | : | |
| **BELCAN LLC and BELCAN SERVICES** | : | |
| **GROUP LP,** | : | <u>**AMENDED JOINT MOTION FOR FLSA**</u> |
| | : | <u>**SETTLEMENT APPROVAL**</u> |
| **Defendants.** | : | <u>**PURSUANT TO 29 U.S.C. § 216(b)**</u> |
| | : | |

Plaintiff Brian Nezzer ("Nezzer") and Defendants Belcan LLC and Belcan Services Group LP (together, "Belcan") jointly filed this amended motion for an Order approving the settlement agreement between Nezzer and Belcan (the "Parties") in his individual claims under the Fair Labor Standards Act ("FLSA"). A copy of the Parties' Joint Stipulation of Settlement and General Release (the "Settlement Agreement") was previously filed as Doc. #36-1. A proposed order granting the motion is attached.

Respectfully submitted,

<u>/s/ Michael A. Josephson</u>_____
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Alyssa White
Texas Bar No. 24073014
Josephson Dunlap LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: 713.352.1100
mjosephson@mybackwages.com
adjunlap@mybackwages.com
awhite@mybackwages.com

<u>/s/ Gregory M. Utter</u>_____
Gregory M. Utter (0032528)
Bryce J. Yoder (0089816)
Keating Muething & Klekamp PLL
One E. Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: 513.579.6400
gmutter@kmklaw.com
byoder@kmklaw.com

*Attorneys for Defendants*

AND

Richard J. Burch
Texas Bar No. 24001807
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Phone:  713.877.8788
rburch@brucknerburch.com

*Attorneys for Plaintiff and those similarly
situated*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.**     <u>**STATEMENT OF FACTS AND PROCEEDINGS**</u>

This matter is an overtime dispute alleging that Belcan failed to pay all required overtime wages for certain overtime hours worked and, as a result, owe back pay and damages under the Fair Labor Standards Act ("FLSA"). Belcan disputes Nezzer's allegations, contend that Nezzer was fully compensated for all work performed, and denies that its pay practices violated any laws. (Docs. #24, 26.)

Nezzer filed his Original Class and Collective Action Complaint against Defendant Belcan Corporation on July 25, 2022 in the United State District Court, Western District of Pennsylvania. Nezzer filed his First Amended Collective Action Complaint against Defendants Belcan LLC and Belcan Services Group LP on September 7, 2022. On September 22, 2022, the Court granted Plaintiff's unopposed motion to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court, Southern District of Ohio.

The Parties exchanged Nezzer's payroll and timekeeping records, and, after negotiations, reached an agreement, which was memorialized into the Settlement Agreement and executed by the Parties. Nezzer and his counsel negotiated this settlement on behalf of himself. Nezzer has not filed a motion seeking class certification or conditional certification of an opt-in FLSA collective, and no other individuals have opted-in or sought to join the litigation or are otherwise parties to the Settlement Agreement. Nezzer entered the Settlement Agreement solely on his own behalf. Under the Settlement Agreement, Belcan has agreed to a total settlement payment in the amount of <u>**$16,750.00**</u> in exchange for release of the claims that Plaintiff brought or could have brought in this lawsuit, including claims under the Fair Labor Standards Act. The settlement, if approved as submitted, provides for a net sum value of <u>**$9,500.00**</u> to be paid to Nezzer. (Doc. 36-

1 at ¶ 1.)  The settlement allocation further provides for payment of Nezzer attorney's fees and costs in the amount of **$7,250.00**.  (*Id.*)  Finally, the Settlement Agreement provides for entry of stipulated dismissal of the Lawsuit; however, the parties request that the Court retain jurisdiction over any disputes that may arise under the Settlement Agreement.

The Parties previously filed a Joint Motion for FLSA Settlement Approval Pursuant to 29 U.S.C. § 216(b).  (*See* Doc. 36.)  On December 5, 2022, the Court denied that motion, without prejudice, and ordered the Parties to file a new motion for approval of settlement in accordance with the Court's opinion.  The Parties now file this renewed motion seeking approval of the settlement.  Plaintiff will file a separate motion seeking approval of his counsel's requested attorney's fees and litigation expenses and providing the information requested in the Court's prior order.

## II.  ARGUMENT

### A.  Legal Standard

A settlement of FLSA litigation "is valid only if the district court enter[s] a stipulated judgment approving it."  *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).  "When reviewing a settlement of plaintiffs' FLSA claims, the federal district court must 'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'"  *Hedglin v. Maxim Healthcare Servs.*, No. 4:15-cv-2614, 2016 U.S. Dist. LEXIS 148275, at *3 (N.D. Ohio Oct. 26, 2016) (quoting *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, at *5 (N.D. Ohio June 15, 2020).  When parties bring a proposed settlement of an FLSA claim for court approval, that court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *See, e.g.*, *Burcham v. Taubra Corp.*,

No. 3:17-cv-168, 2018 U.S. Dist. LEXIS 135987, at *1-3 (S.D. Ohio Aug. 13, 2018) (Rose, J.). If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, at 1354.

The Court should consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery engaged in; the likelihood of success on the merits; and the public interest in settlement. *See Hedglin*, 2016 U.S. Dist. LEXIS 148275, at *3-4 (citing *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299, 2008 U.S. Dist. LEXIS 90070 (E.D. Ky. Oct. 23, 2008)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See id.* at *4 (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)) (alterations in original).

### B. Analysis

Nezzer alleges that he was misclassified as an exempt employee who worked in excess of forty (40) hours a week and was not paid for all of the overtime hours he worked. (Dkt. #18 at ¶ 2.) Belcan denies that it violated any provisions of the FLSA and asserts that Nezzer was properly classified as an exempt employee not entitled to overtime compensation. The instant action, therefore, represents a bona fide dispute between the Parties.

The Parties have considered the relative strengths and weaknesses of their claims and defenses, the uncertainties and risks inherent in continued litigation, and the benefits of settlement. The settlement payment of $9,500.00 to Nezzer is reasonable, and appropriately covers the

universe of possible back wages and additional damages, considering Nezzer's employment lasted ten months of the maximum possible three-year limitations period, and that if the two-year limitations period were found to apply Nezzer would potentially be barred from any recovery. The settlement should, therefore, be approved as reasonable in light of the "real risk of complete non-recovery if the action were to proceed to trial." *In re Packaged Ice Antitrust Litig.*, No. 17-2137, 2018 U.S. App. LEXIS 13882, at *14 (6th Cir. May 24, 2018).

It is further submitted that the proposed settlement was not the product of collusion, was the product of arms-length negotiation between the Parties, and that the facts and legal issues involved are sufficiently complex and disputed such that resolution at this stage is in the interest of all Parties. *See Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *2 (N.D. Ohio Mar. 26, 2019) ("It is beyond dispute that the settlement was the result of arm's-length negotiations, free of collusion or fraud, conducted by experienced counsel for all parties, and achieved through a formal mediation conducted by a neutral mediator and the negotiations that followed with the mediator's involvement."). Nezzer submits, and Nezzer's undersigned counsel agrees, that the settlement payments and terms constitute a fair and reasonable resolution of Plaintiff's claims. *See, e.g.*, *Graybill v. Petta Enters., LLC*, No. 2:17-cv-418, 2018 U.S. Dist. LEXIS 164152, at *6 (S.D. Ohio Sept. 25, 2018) (further citation omitted) (stating that courts may defer to the judgment of counsel and give great weight to the opinion of experienced counsel that the settlement is in the best interest of the participants).

Nezzer will separately file a motion for approval of his attorney's fees and litigation expenses. Belcan does not object to Nezzer's request up to the amount of $7,250.00.

### III.    <u>CONCLUSION</u>

For the reasons set forth above, the Parties respectfully request that this Court enter the attached proposed Order approving the Settlement Agreement.

Respectfully submitted,

/s/ Michael A. Josephson_____  /s/ Gregory M. Utter_____

Michael A. Josephson       Gregory M. Utter (0032528)
Texas Bar No. 24014780       Bryce J. Yoder (0089816)
Andrew W. Dunlap        Keating Muething & Klekamp PLL
Texas Bar No. 24078444       One E. Fourth Street, Suite 1400
Alyssa White         Cincinnati, OH 45202
Texas Bar No. 24073014       Phone: 513.579.6400
Josephson Dunlap LLP       gmutter@kmklaw.com
11 Greenway Plaza, Suite 3050     byoder@kmklaw.com
Houston, Texas 77046
Phone: 713.352.1100       *Attorneys for Defendants*
mjosephson@mybackwages.com
adjunlap@mybackwages.com
awhite@mybackwages.com

AND

Richard J. Burch
Texas Bar No. 24001807
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Phone: 713.877.8788
rburch@brucknerburch.com

*Attorneys for Plaintiff and those similarly situated*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 14th day of December 2022, a true and accurate copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /s/ Gregory M. Utter_____
          Gregory M. Utter

12238019.1