IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| BRIAN NEZZER, *et al.*, | : | Case No. 1:22-cv-549 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| BELCAN LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on the parties' Amended Joint Motion for FLSA Settlement Approval Pursuant to 29 U.S.C. § 216(b) (Doc. 36), as well as Plaintiff's Unopposed Motion to Approve Attorney Fees (Doc. 38). For the following reasons, the Amended Joint Motion for FLSA Settlement Approval Pursuant to 29 U.S.C. § 216(b) (Doc. 36) and Plaintiff's Unopposed Motion to Approve Attorney Fees (Doc. 38) are both **GRANTED**.

Plaintiff Brian Nezzer brought the above-captioned action against Defendants Belcan LLC and Belcan Services Group LP for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA"). (*See* Am. Compl., Doc. 18.) Plaintiff alleges that Defendants violated the FLSA by misclassifying its employees who worked as recruiters as exempt under the FLSA and failing to them all required overtime wages. (*Id.* at ¶¶ 2, 88-92.) Defendants deny these allegations and assert that they properly classified their recruiters as exempt who, therefore, were not entitled to any overtime

1

compensation. (*See* Docs. 24, 26.) Plaintiff has not filed a motion seeking class certification or conditional certification of an opt-in FLSA collective, and no other individuals have opted-in or sought to join the litigation or are otherwise parties to the Settlement Agreement. In addition to their counsel, Plaintiff and Defendants participated in informal discovery and settlement negotiations which resulted in a settlement of Plaintiff's claims.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs. LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. V. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D.

Ohio Dec. 2, 2016).

After a careful review, the Court finds that the Settlement Agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties. There is a bona fide dispute in this case, as the parties dispute whether Defendants properly classified recruiters as exempt under the FLSA and did not pay them overtime compensation. The agreed settlement payment of $9,500.00 to Plaintiff is reasonable and appropriately covers the universe of possible back wages and additional damages, considering Plaintiff's employment lasted ten months of the maximum possible three-year limitations period, and that if the two-year limitations period were found to apply Plaintiff would potentially be barred from any recovery. The settlement is, therefore, reasonable in light of the "real risk of complete non-recovery if the action were to proceed to trial." *In re Packaged Ice Antitrust Litig.*, No. 17-2137, 2018 U.S. App. LEXIS 13882, at *14 (6th Cir. May 24, 2018). There is no indication that the settlement was reached by anything other than an arm's length negotiation between the parties and their counsel. The settlement will further avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Plaintiff's counsel avers that it was able to assess Defendants' payroll and timekeeping information to perform a damages analysis.

The agreed-upon attorney's fees and costs are also reasonable. Plaintiff requests payment of attorney's fees and costs to his Counsel in the amount of $7,250.00. Plaintiff's Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor

3

of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159 (S.D. Ohio Dec. 3, 2019). Furthermore, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, at *3 (S.D. Ohio Nov. 25, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of the requested amount appropriately compensates Plaintiff's counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. See, e.g., *Gentrup*, 2011 WL 2532922, at *14 ("[S]ociety has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

For the foregoing reasons, the Court **ORDERS** the following:

1. The Amended Joint Motion for FLSA Settlement Approval Pursuant to 29 U.S.C. § 216(b) (Doc. 36) is **GRANTED**;

2. Plaintiff's Unopposed Motion to Approve Attorney Fees (Doc. 38) is **GRANTED**;

3. Plaintiff's claims are **DISMISSED WITH PREJUDICE**;

4. This Court retains jurisdiction over the action to enforce the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND
